# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

|  |  |  |
|---|---|---|
| **PENNYMAC LOAN SERVICES, LLC,** *Plaintiff* | § § § § | |
| **v.** | § § § | **No. 1:25-CV-00310-RP** |
| **JAMES HENRY STEAPLES, ETHAN ANDREW STEAPLES, JOSIE GABRIELL STEAPLES, UNITED STATES OF AMERICA,** *Defendants* | § § § § § § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE ROBERT PITMAN
      UNITED STATES DISTRICT JUDGE

Before the Court is Plaintiff PennyMac Loan Services, LLC's ("PennyMac") motion for default judgment, Dkt. 19. After reviewing the motion and the relevant law, the undersigned recommends that the District Judge grant PennyMac's motion.

## I.    BACKGROUND

PennyMac is the mortgagee of a loan agreement secured by the real property at issue in this suit (the "property"). Dkt. 10, at 1. Defendant James Henry Steaples (the "Decedent") executed a promissory note for the purchase of the property and a deed of trust encumbering the property as security for payment of the note. Dkts. 10, at 2-3; 19-1, at 5-6, 8-16. PennyMac is the beneficiary of the deed of trust pursuant to assignments. Dkts. 10, at 3; 19-1, at 20. After the Decedent failed to pay the loan,

PennyMac sued Defendants, seeking a declaratory judgment that PennyMac is entitled to non-judicial foreclosure of the lien and, in the alternative, judicial foreclosure of the lien. Dkt. 10, at 4, 6. PennyMac also asked for a declaration that it has a statutory probate lien against the property. *Id.* at 5. Finally, PennyMac asked the Court to award attorneys' fees and costs. *Id.* at 7.

PennyMac filed its suit in March 2025. Dkt. 1. PennyMac amended its complaint on June 11, 2025, adding the heirs of the Decedent. Dkts. 9; 10. The Defendant heirs Ethan Andrew Steaples and Josie Gabriell Steaples (collectively, "Defendants") did not—and still have not—appeared.[1] PennyMac moved for entry of default as to Defendants, which the clerk entered. Dkts. 17; 18. PennyMac now moves for default judgment against Defendants seeking relief as outlined in its complaint. Dkts. 10; 19.

## II.     LEGAL STANDARD

Under Rule 55 of the Federal Rules of Civil Procedure, federal courts have the authority to enter a default judgment against a defendant that has failed to plead or otherwise defend itself. Fed. R. Civ. P. 55(a)-(b). That said, "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). A party is not entitled to a default judgment simply because the defendant is in default. *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). Rather,

---

[1] Defendant United States of America moved for, and the District Judge entered, a consent order granting the relief sought by PennyMac against the United States and relieving the United States from any further appearances in this case. Dkts. 6; 8.

a default judgment is generally committed to the discretion of the district court. *Mason v. Lister,* 562 F.2d 343, 345 (5th Cir. 1977).

In considering PennyMac's motion, the Court must determine: (1) whether default judgment is procedurally warranted; (2) whether PennyMac's complaint sets forth facts sufficient to establish that it is entitled to relief; and (3) what form of relief, if any, PennyMac should receive. *United States v. 1998 Freightliner Vin #: 1FUYCZYB3WP886986,* 548 F. Supp. 2d 381, 384 (W.D. Tex. 2008); *see also J & J Sports Prods., Inc. v. Morelia Mexican Rest., Inc.*, 126 F. Supp. 3d 809, 813 (N.D. Tex. 2015) (using the same framework).[2]

### III.    DISCUSSION

### A.    Default judgment is procedurally warranted.

To determine whether entry of a default judgment is procedurally warranted, district courts in the Fifth Circuit consider six factors: "[1] whether material issues of fact are at issue, [2] whether there has been substantial prejudice, [3] whether the grounds for default are clearly established, [4] whether the default was caused by a good faith mistake or excusable neglect, [5] the harshness of a default judgment, and [6] whether the court would think itself obliged to set aside the default on the defendant's motion." *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

On balance, the *Lindsey* factors support entering a default judgment against Defendants. Because Defendants have not filed a responsive pleading, there are no

---

[2] PennyMac has established Defendants were properly served, and the Court entered default. Fed. R. Civ. P. 55(a); Dkts. 15; 16; 17; 18. PennyMac's attorney attests that no Defendant is a minor, incompetent person, or in military service. Dkt. 19-2, at 3, 5, 7; *See* Fed. R. Civ. P. 55(b)(2); 50 U.S.C. § 3931.

material facts in dispute. *See Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact."). Defendants' failure to appear and respond has ground the adversary process to a halt, prejudicing PennyMac's interest in pursuing its claims for relief. *See J & J Sports*, 126 F. Supp. 3d at 814 ("Defendants' failure to respond threatens to bring the adversary process to a halt, effectively prejudicing Plaintiff's interests." (internal citation and quotation marks omitted)). The grounds for default are established: Defendants were properly served and have failed to appear and participate at all, much less timely file a responsive pleading. *See* Dkts. 15; 16; 17; 18. Nothing suggests that the default was caused by a good-faith mistake or excusable neglect. The undersigned therefore finds that default judgment is procedurally warranted.

B.  **Default judgment is substantively warranted.**

Default judgment is proper only if the well-pleaded factual allegations in PennyMac's complaint establish a valid cause of action. *Nishimatsu Constr. Co.*, 515 F.2d at 1206. By defaulting, a defendant "admits the plaintiff's well-pleaded allegations of fact." *Id.* In determining whether factual allegations are sufficient to support a default judgment, the Fifth Circuit employs the same analysis used to determine sufficiency under Rule 8. *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The factual allegations in the complaint need only "be enough to raise a right to relief

above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Wooten*, 788 F.3d at 498 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While "detailed factual allegations" are not required, the pleading must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

PennyMac seeks a judgment allowing it to enforce its lien through non-judicial foreclosure. Dkt. 10, at 4.[3] To foreclose under a security instrument with a power of sale, the lender is required to show that: (1) a debt exists; (2) the debt is secured by a lien created under Texas law; (3) the borrower is in default under the note and security instrument; and (4) the borrower has been properly served with notice of default and acceleration. *Huston v. U.S. Bank Nat'l Ass'n*, 988 F. Supp. 2d 732, 740 (S.D. Tex. 2013), *aff'd*, 583 F. App'x 306 (5th Cir. 2014); Tex. Prop. Code § 51.002.

PennyMac's complaint presents sufficient factual allegations demonstrating all requirements for an order authorizing foreclosure. First, PennyMac demonstrates that a debt exists by providing a copy of the note executed by the Decedent and the deed of trust. Dkts. 19-1, at 5-6, 8-16. Second, by providing the deed of trust, PennyMac shows that a lien has been created that secures the debt under Texas law. *Id.* at 8-16. Third, PennyMac alleges that Defendants failed to make payments on the loan. Dkt. 10, at 3. Fourth, PennyMac alleges and presents evidence that it notified

---

[3] PennyMac seeks judicial foreclosure in the alternative. Dkt. 10, at 6. Because, as explained below, the undersigned recommends that the District Judge allow PennyMac to enforce its lien through non-judicial foreclosure and grant PennyMac's request for declaratory relief, the undersigned does not reach PennyMac's request for judicial foreclosure.

the Decedent of the default and PennyMac's intent to accelerate. *Id.*; Dkt. 19-1, at 24-26; *see Morgan v. Chase Home Fin., LLC*, 306 F. App'x 49, 55-56 (5th Cir. 2008) (agreeing with district court's conclusion that Texas law did not require mortgage servicer, in the event of the debtor's death, "to conduct some level of investigation to determine the legal heirs for purposes of proper notification prior to foreclosure"); *Deutsche Bank Tr. Co. Ams. for Residential Asset Mortg. Prods., Inc. v. Comstock*, No. 3:16-CV-3210-G-BH, 2018 WL 3352992, at *9 (N.D. Tex. June 11, 2018), *R. & R. adopted*, 2018 WL 3344374 (N.D. Tex. July 9, 2018) (finding mortgage servicer had satisfied fourth element (notice) necessary to obtain foreclosure through a power of sale by notifying the debtor, who was deceased, of the default and acceleration). PennyMac has satisfied the requirements for a non-judicial foreclosure under Texas law.

PennyMac's factual allegations and the record before the undersigned are enough to raise its right to relief above a speculative level as to its claim for non-judicial foreclosure. *Wooten*, 788 F.3d at 498. The undersigned finds that default judgment is substantively warranted.

**C.      PennyMac is entitled to the relief it seeks, except that it may move for attorneys' fees and costs at a later stage.**

1.      Declaratory judgment is warranted.

Because PennyMac shows it is entitled to default judgment, the Court must determine what form of relief, if any, it should receive. In its motion, PennyMac clarifies that it does not seek monetary damages against Defendants but instead

seeks a declaratory judgment that it may enforce its lien through non-judicial foreclosure. Dkt. 19, at 3.

In the default-judgment context, courts regularly permit the enforcement of a security instrument against real property through non-judicial foreclosure. *See, e.g.*, *Wilmington Sav. Fund Soc'y, FSB v. Rivera*, No. A-25-CV-826-ADA-ML, 2025 WL 2886306, at *6 (W.D. Tex. Sep. 24, 2025), *R. & R. adopted*, 2025 WL 2881172 (W.D. Tex. Oct. 9, 2025); *Wells Fargo Bank, N.A. v. Hodges*, 4:21-CV-00410-SDJ-CAN, 2023 WL 2058705, at *7 (E.D. Tex. Jan. 25, 2023) (collecting cases), *R. & R. adopted*, 2023 WL 2403150 (E.D. Tex. Mar. 7, 2023). "When considering a declaratory judgment action, a district court must engage in a three-step inquiry." *Orix Credit All., Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000). First, the court must determine whether an "actual controversy" exists between the parties to the action. *Id.* Second, if the court has jurisdiction, it must determine whether it has the "authority" to grant declaratory relief. *Id.* Finally, the court must determine whether to exercise its discretion to decide or dismiss the declaratory action. *Id.* At the first step, an actual controversy exists due to the Decedent's default on the loan agreement and PennyMac's desire to foreclose the property. *See* Dkt. 10, at 2-3.

"Under the second element of the *Orix Credit Alliance* test, a district court does not have authority to consider the merits of a declaratory judgment action when: (1) the declaratory defendant previously filed a cause of action in state court; (2) the state case involved the same issues as those in federal court; and (3) the district court is prohibited from enjoining the state proceedings under [28 U.S.C. §] 2283." *Sherwin-*

*Williams Co. v. Holmes Cnty.*, 343 F.3d 383, 388 n.1 (5th Cir. 2003) (citations omitted). Those circumstances are absent here. Nothing before the Court indicates the existence of a related state-court action, and the Court has jurisdiction over this action because it is directed against the United States of America. 28 U.S.C. § 1442(a)(1).[4]

"Pursuant to the third step set forth in *Orix Credit Alliance*, a district court faced with a declaratory relief action must determine whether to exercise or decline jurisdiction." *Great Am. E&S Ins. Co. v. Viatek Consumer Prods. Grp., Inc.*, No. 1:17-CV-850-RP, 2018 WL 6265112, at *3 (W.D. Tex. Mar. 28, 2018). When determining whether to exercise jurisdiction over a declaratory-judgment action, district courts consider "(1) whether a state action is pending in which all of the matters in controversy may be fully litigated; (2) whether the plaintiff filed the declaratory action suit in anticipation of a suit by the defendant; (3) whether the plaintiff engaged in forum shopping in bringing the suit; (4) whether possible inequities exist by allowing the declaratory plaintiff to gain precedence in time or to change forums; (5) whether the federal court is convenient for the parties and witnesses; (6) whether retaining the case in federal court will serve judicial economy; and (7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending." *Id.* (citing *Sherwin-Williams*, 343 F.3d at 388).

---

[4] Defendant United States of America removed this case to federal court. Dkt. 1.

Here, the factors support exercising jurisdiction. As discussed, there is no evidence of any parallel state-court action. There is no evidence that PennyMac filed in anticipation of a suit from Defendants, that PennyMac has engaged in forum-shopping, or that the federal forum is inconvenient. Fairness weighs in favor of granting default judgment given Defendants' failure to answer. A declaratory judgment would promote judicial efficiency by settling the questions of whether PennyMac can seek non-judicial foreclosure and whether it has a statutory probate lien on the property. Accordingly, the undersigned will recommend that the District Judge grant PennyMac's motion for default judgment and issue declaratory relief as outlined below.

2.    PennyMac has a statutory probate lien against the property.

PennyMac also seeks a declaration that it has a statutory probate lien under the terms of the note and the terms of the loan and Texas law. Dkt. 10, at 5-6. Texas Estates Code section 101.001(b) provides that "the estate of a person who dies intestate vests immediately in the person's heirs at law." Tex. Est. Code § 101.001. Under Texas Estates Code section 101.051, "[a] decedent's estate vests in accordance with Section 101.001(b) subject to the payment of, and is still liable for: (1) the debts of the decedent[.]" Tex. Est. Code § 101.051.

PennyMac alleges that the property vested in Defendants after the Decedent's death and that Defendants are therefore liable for debts attached to the property. Dkt. 10, at 3-4, 5-6. As Defendants did not respond to PennyMac's complaint, they admitted to the allegations it laid out. *See Nishimatsu*, 515 F.2d at 1206. The

undersigned finds there is a sufficient basis to conclude that PennyMac holds a statutory probate lien on the property. Dkt. 10, at 5-6; *see U.S. Bank, Nat'l Ass'n v. Cervantes*, No. EP-18-CV-00220-FM, 2019 WL 13254271, at *2 (W.D. Tex. Feb. 8, 2019); *see also Bokf, N.A. v. Logan*, No. 3:19-CV-2910-B, 2020 WL 1470803, at *4-5 (N.D. Tex. Mar. 26, 2020).[5]

> 3.    PennyMac may be entitled to attorneys' fees and costs at a later stage.

PennyMac also seeks attorneys' fees under the note and the deed of trust. Dkt. 10, at 7. This is a declaratory-judgment suit. Fee awards are generally unavailable under the Federal Declaratory Judgment Act ("DJA"). *Wells Fargo Bank, Nat'l Ass'n v. Fuentes*, No. SA-24-CV-01132-XR, 2025 WL 2946624, at *5 (W.D. Tex. July 18, 2025) (citing *Utica Lloyd's of Tex. v. Mitchell*, 138 F.3d 208, 210 (5th Cir. 1998) (noting that the Texas DJA is only a procedural mechanism and that the Federal DJA does not by itself provide statutory authority to award attorneys' fees that would not otherwise be available under state law in a diversity action)); *Self-Ins. Inst of Am., Inc. v. Korioth*, 53 F.3d 694, 697 (5th Cir. 1995) (concluding in a non-diversity case that neither the Federal nor Texas DJA allows for recovery of attorneys' fees in the absence of any controlling substantive law permitting such recovery).

Yet because "the Fifth Circuit has characterized foreclosure as a 'contractual remedy,' … courts may award attorneys' fees in connection with nonjudicial foreclosure where, as here, the mortgage agreement provides for the recovery of such

---

[5] Because PennyMac has not stated whether there are any other living heirs of the Decedent, the Court should enter default judgment only as to the named Defendants' interest in the property. *See, e.g.*, *Logan*, 2020 WL 1470803, at *5 n.6; *Hodges*, 2023 WL 2058705, at *8 n.9.

fees." *Fuentes*, 2025 WL 2946624, at *5 (citing *Wease v. Ocwen Loan Servicing, LLC*, 915 F.3d 987, 994-95 (5th Cir. 2019)); Dkt. 19-1, at 15. The undersigned concludes that the deed of trust provides a legal basis for a fee award.

While PennyMac is entitled to attorneys' fees and costs under the loan instruments, it has not provided enough information for the Court to rule on its request for such fees and costs. PennyMac did not request any specific amount of attorneys' fees and costs or provide an affidavit from its counsel testifying to the reasonableness and necessity of the requested attorneys' fees. *See* Dkt. 19; Fed. R. Civ. P. 54(d); *see also Aguacates Seleccionados JBR USA, LLC v. Bucks Fresh Produce, LLC*, No. 7:19-CV-338, 2020 WL 2193501, at *13 (S.D. Tex. May 6, 2020) ("There is no affidavit from an attorney employed by [the law firm] and there are no documents from the firm evidencing the hours billed. As such, the court does not have adequate information by which it can determine whether the attorney's fees requested for the work performed by [the firm] are reasonable."), *on reconsideration*, 2020 WL 4883898 (S.D. Tex. Aug. 20, 2020); *see also Wilmington*, 2025 WL 2886306, at *5. The undersigned will therefore recommend that the District Judge deny PennyMac's request for attorneys' fees and costs without prejudice.

4.      PennyMac should receive pre- and post-judgment interest.

The undersigned recommends awarding PennyMac pre-judgment and post-judgment interest. PennyMac requests interest allowed to it under the terms and conditions of the loan agreement. Dkt. 10, at 6. In a declaratory-judgment action, the interest amount is dictated by the terms of the note and deed of trust. *U.S. Bank Nat'l*

11

*Ass'n as Tr. for CSMC Mortg.-Backed Tr. 2007-3 v. Lamell*, No. H-19-2402, 2025 WL 329214, at *15 n.100 (S.D. Tex. Jan. 29, 2025). Under the agreement, PennyMac is entitled to a contractual yearly rate of 2.625% interest on the unpaid principal. *See* Dkt. 19-1, at 5. The note further provides that the 2.625% rate "is the rate [the Decedent] will pay both before and after any default." *Id.* Accordingly, the undersigned will recommend that the District Judge award pre- and post-judgment interest at a rate of 2.625% per annum.

## IV.   RECOMMENDATION

In accordance with the above discussion, the undersigned **RECOMMENDS** that the District Judge **GRANT** PennyMac's motion for default judgment against Defendants, Dkt. 19. Specifically, the undersigned **RECOMMENDS** that the District Judge enter default judgment against Defendants, award PennyMac prejudgment and post-judgment interest, and issue the following a declaratory judgment:

1. PennyMac is the mortgagee of the deed of trust securing the real property and improvements commonly known as 461 Dove Trail, Bertram, Texas 78604, and is entitled to enforce the note and deed of trust;

2. PennyMac has a statutory probate lien against the property under the terms of the loan, as well as Texas Estates Code §§ 101.001 and 101.051; and

3. PennyMac may proceed with non-judicial foreclosure of the property.

The undersigned **FURTHER RECOMMENDS** that the District Judge **DENY** PennyMac's request for attorneys' fees and costs without prejudice.

The referral of this case to the Magistrate Judge should now be canceled.

## V.    WARNINGS

The parties may file objections to this report and recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after the party is served with a copy of the report shall bar that party from *de novo* review by the District Judge of the proposed findings and recommendations in the report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED April 2, 2026.

_____
DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE